FILED: 4/24/2019 1:29 PM
Vickie Edgerly, District Clerk
Orange County, Texas
Reviewed By: Justin Rhodes

CAUSE NO. D190153-C

| | | |
|---|---|---|
| JAMES ROSS AND ANNE ROSS<br>Plaintiffs | § § § | IN THE DISTRICT COURT OF |
| V. | § § § | ORANGE COUNTY, TEXAS |
| GUZMAN EXPRESS LINE, INC.,<br>GUZMAN TRANSPORT LOGISTICS<br>CORP., AND LUIS ASPURO<br>Defendants | § § § § | 260th JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Plaintiffs, **JAMES ROSS and ANNE ROSS** (the "Plaintiffs") complaining of and against Defendants, **GUZMAN EXPRESS LINE, INC.** ("GUZMAN EXPRESS"), **GUZMAN TRANSPORT LOGISTICS CORP.** ("GUZMAN TRANSPORT") and **LUIS ASPURO** ("ASPURO"), and files *Plaintiffs' Original Petition*, and would respectfully show unto the Court the following:

## I.
## PARTIES AND JURISDICTION

1.01   Plaintiffs, James Ross and Anne Ross, are individuals and citizens of the State of Texas residing in Vidor, Orange County, Texas.

1.02   Defendant, GUZMAN EXPRESS LINE, INC. is a Florida for-profit organization. At all material times, Defendant GUZMAN EXPRESS was engaged in business in the State of Texas. GUZMAN EXPRESS does not maintain in the State of Texas a place of regular business or a designated agent upon whom service of process may be made for causes of action outside of business done in this state. Pursuant to Section 17.041, et seq., Texas Civil Practice and

Remedies Code, Defendant GUZMAN EXPRESS may be served by serving the Secretary of the State of Texas, who shall forward a copy of the petition with citation to Ania M. Sotolongo, 3210 SW 137th Pl, Miami, Florida 33175.

1.03   Defendant, GUZMAN TRANSPORT LOGISTICS CORP. is a Florida for-profit organization. At all material times, Defendant GUZMAN TRANSPORT was engaged in business in the State of Texas. GUZMAN TRANSPORT does not maintain in the State of Texas a place of regular business or a designated agent upon whom service of process may be made for causes of action outside of business done in this state. Pursuant to Section 17.041, et seq., Texas Civil Practice and Remedies Code, Defendant GUZMAN TRANSPORT may be served by serving the Secretary of the State of Texas, who shall forward a copy of the petition with citation to Jesus M. Guzman, 3210 SW 137th Pl, Miami, Florida 33175.

1.04   Defendant, Luis Aspuro, is a resident of the State of Florida. Defendant Aspuro may be served with process at his home located at 4955 NW 199th Street, Lot 112, Miami Gardens, Florida 33055.

1.05   Venue is proper in Orange County, Texas pursuant to Section 15.001 *et. seq.* of the Texas Civil Practice & Remedies Code in that all or a substantial part of the events or omissions giving rise to the claim occurred in Orange County, Texas.

1.06   This Court has jurisdiction over this case in that the amount in controversy exceeds the minimum jurisdictional limits of this Court.

## II.
## FACTS

2.01. Plaintiffs bring this action to recover damages for injuries sustained by Plaintiffs as a result of an automobile collision that took place on or about September 17, 2018 in Vidor, Orange County, Texas.

2.02 At the time of the incident made the basis of this lawsuit, Plaintiffs were traveling west on Interstate 10 in the right lane.

2.03 Aspuro was driving a freightliner owned and maintained by Defendant Guzman Express and towing a utility trailer owned and maintained by Guzman Transport. Aspuro was traveling west on Interstate 10 in the center lane when he made an unsafe lane change. Aspuro struck Plaintiffs' vehicle, forcing Plaintiffs to leave the roadway. After Aspuro forced Plaintiffs off the roadway, Plaintiffs drove through the grassy area between the main lanes and the service road, entered a ditch, and struck a tree.

2.04 Following the collision, and in an effort to avoid accountability, Defendant Aspuro fled the scene and was later apprehended by law enforcement.

2.05 At the time of the occurrence in question, Aspuro was driving in the course and scope of his employment with Guzman Express and/or Guzman Transport.

2.06 Plaintiffs sustained severe and permanent injuries as a result of the occurrence in question.

## III.
## NEGLIGENCE AND VICARIOUS LIABILITY

### GUZMAN EXPRESS and GUZMAN TRANSPORT

3.01 Plaintiffs incorporate the above paragraphs as if more fully stated herein.

3.02   *Respondeat Superior.*   At the time of the incident made the basis of this suit, Guzman Express and/or Guzman Transport were the employers of Aspuro. The wreck occurred while Aspuro was furthering the business of his employer, Guzman Express and/or Guzman Transport, and Guzman Express and/or Guzman Transport are, therefore, vicariously liable for the negligent acts of Aspuro.

3.03   At the time of the incident made the basis of this suit, Guzman Express and/or Guzman Transport owned and maintained the vehicles operated by Aspuro and were the employers of Aspuro. Guzman Express and/or Guzman Transport had a duty to exercise a high degree of care to train and supervise its employee drivers, such as Aspuro, in the safe operation of its vehicles on public roadways. Moreover, Guzman Express and/or Guzman Transport had a duty to entrust its vehicles to competent drivers. Guzman Express and Guzman Transport were negligent and proximately caused the occurrence in question in the following respects:

  (a)   Failing to hire competent drivers;

  (b)   Failing to train Aspuro on driver safety rules and regulations;

  (b)   Entrusting its vehicle to a driver Guzman Express and/or Guzman Transport knew or should have known was untrained, unskilled, and had a history of bad driving;

  (c)   Implementing policies and procedures that incentivize its employee drivers, such as Aspuro, to flee a scene of a collision to avoid accountability.

3.04   Plaintiffs would show that each and all of the foregoing acts or omissions constituted negligence on the part of Guzman Express and/or Guzman Transport and were either singularly or collectively a direct and proximate cause of the occurrence in question and the damages sustained by Plaintiffs.

3.05    In addition to the above, Defendants Guzman Express and Guzman Transport were grossly negligent. Viewed objectively from Guzman Express' and/or Guzman Transport's standpoint at the time of the collision in question, allowing an unskilled and untrained driver with a history of bad driving to continue to drive a commercial vehicle on the public roadways involved an extreme degree of risk and danger to the community. Guzman Express and/or Guzman Transport were in a position to know the aforementioned dangers and risk, had actual, subjective awareness of the risk, yet proceeded with conscious indifference of the safety and welfare of the Plaintiffs and the community at large.

3.06    Defendants Guzman Express and/or Guzman Transport's gross negligence was a producing and proximate cause of Plaintiffs' injuries and damages, and Plaintiffs seek an award for exemplary damages.

## LUIS ASPURO

3.07    At the time of the occurrence in question, Aspuro was operating a vehicle negligently. Aspuro had a duty to exercise a high degree of care when driving a commercial tractor-trailer on public roadways. Aspuro breached that duty and was negligent and proximately caused the occurrence in question in the following respects:

   (a)    Failing to exercise due care;

   (b)    Failing to keep a proper lookout;

   (d)    Failing to yield the right-of-way;

   (e)    Excessive speed;

   (f)    Unsafe lane change; and

   (g)    Fleeing the scene of a collision.

3.07  In addition to his common law duties, Defendant, Aspuro, also violated various sections of the Texas Transportation Code, which constitutes negligence *per se*.

3.08  Plaintiffs would show that each and all of the foregoing acts or omissions constituted negligence and/or negligence *per se* on the part of Aspuro and negligence/gross negligence on the part of Guzman Express and/or Guzman Transport and were either singularly or collectively a direct and proximate cause of the occurrence in question and damages sustained by Plaintiffs.

## IV.
## DAMAGES

4.01  As a proximate result of Defendants' negligence, gross negligence, and/or negligence *per se*, Plaintiffs, James Ross and Anne Ross, have suffered damages in the past and will, in all reasonable probability, suffer damages in the future. These damages are set forth below:

 (a) Medical expenses;

 (b) Physical pain and suffering;

 (c) Mental anguish;

 (d) Physical impairment;

 (e) Out of pocket economic losses;

 (f) Loss of enjoyment of life;

 (g) Loss of income; and

 (h) Punitive damages.

4.02  Plaintiffs further seek recovery of costs of court and pre-judgment and post-judgment interest on the damages as allowed by the Texas Civil Remedies and Practice Code and pray that upon entry of judgment that such pre-judgment interest be computed on all allowable damages.

4.03    The exact amount of Plaintiffs' damages is unknown. Based on the information currently available to Plaintiffs, Plaintiffs believe their damages exceed $1,000,000, including damages of any kind, penalties, costs, expenses, and pre-judgment interest. Plaintiffs reserve the right to decrease or increase this amount as further information becomes available.

## V.
## PRE-EXISTING CONDITION

5.01    In the alternative, Plaintiffs would show that if any injury and/or condition from which they currently suffer was pre-existing, then such condition was aggravated, exacerbated, and/or made worse by the negligence of the Defendants herein.

## VI.
## SUBSEQUENT CONDITION

6.01    In the alternative, Plaintiffs would show that if they suffer from any subsequent injury and/or condition, then such injury and or condition was aggravated and/or exacerbated by the negligence of the Defendants herein.

## VII.
## WRITTEN DISCOVERY

7.01    Under the authority of the Texas Rules of Civil Procedure 194, Plaintiffs request that the Defendants disclose, within 50 days for the service of this request, the information or material described in Rule 194.2(a)-(l).

7.02    Plaintiffs' Interrogatories to Defendant Guzman Express Line, Inc., is attached as Exhibit "A." Plaintiffs' Interrogatories to Defendant Guzman Transport Logistics Corp. is attached as Exhibit "A-1." Plaintiffs' Interrogatories to Defendant Luis Aspuro is attached as Exhibit "A-2".

7.03    Plaintiffs' Requests for Production to Defendant Guzman Express Line, Inc., is attached as Exhibit "B." Plaintiffs' Requests for Production to Defendant Guzman Transport Logistics

Corp. is attached as Exhibit "B-1." Plaintiffs' Request for Production to Defendant Luis Aspuro is attached as Exhibit "B-2".

## PRAYER AND JURY DEMAND

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that upon final trial, they recover from Defendants their damages hereinabove, together with all costs of court, pre-judgment and post-judgment interest, and for any and such further relief, either at law or in equity, to which Plaintiffs may show themselves justly entitled.

Plaintiffs respectfully request a trial by jury.

Respectfully submitted,

By: /s/ Joe Muckleroy
CLINT BRASHER
Texas Bar No. 24009915
clint@brasherattorney.com
JOE MUCKLEROY
Texas Bar No. 24065801
joe@brasherattorney.com
NISHI KOTHARI
Texas Bar No. 24087862
nishi@brasherattorney.com
6430 Wellington Place
Beaumont, Texas 77706
(409) 832-3737 Telephone
(409) 832-3838 Fax

*Attorney for Plaintiffs*

EXHIBIT A

CAUSE NO. _____

| | | |
|---|---|---|
| JAMES ROSS AND ANNE ROSS<br>　　Plaintiffs | § § § | IN THE DISTRICT COURT OF |
| V. | § § | ORANGE COUNTY, TEXAS |
| GUZMAN EXPRESS LINE, INC.,<br>GUZMAN TRANSPORT LOGISTICS<br>CORP., AND LUIS ASPURO<br>　　Defendants | § § § § | _____ JUDICIAL DISTRICT |

**PLAINTIFFS' INTERROGATORIES TO DEFENDANT
GUZMAN EXPRESS LINE, INC.**

TO:   Defendant, GUZMAN EXPRESS LINE, INC., by and through its registered agent, Ania M. Sotolongo, 3210 SW 137th Pl, Miami, Florida 33175.

Plaintiffs, JAMES ROSS and ANNE ROSS, serve these interrogatories upon Defendant, GUZMAN EXPRESS LINE, INC., pursuant to the Texas Rules of Civil Procedure. Defendant must answer each interrogatory separately, fully, in writing, and under oath, within 50 days after service.

Respectfully Submitted,

THE BRASHER LAW FIRM, PLLC

By:   /s/ Joe Muckleroy
Clint Brasher
Texas Bar No. 24009915
clint@brasherattorney.com
Joe Muckleroy
Texas Bar No. 24065801
joe@brasherattorney.com
Nishi Kothari
Texas Bar No. 24087862
nishi@brasherattorney.com
6430 Wellington Place
Beaumont, Texas 77706
(409) 832-3737 Telephone
(409) 832-3838 Fax
*Attorneys for Plaintiffs*